MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

WADE M. RHYNE (CABN 216799)
Assistant United States Attorney
    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Email: wade.rhyne@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR-12-00327 SBA |
| Plaintiff, | **[PROPOSED]** DETENTION ORDER |
| v. | Date: January 13, 2015<br>Time: 9:30 a.m.<br>Court: Hon. Kandis A. Westmore |
| KHADIJA THOMPSON,<br>    a/k/a "Briana Baxter,"<br>    a/k/a "Carolina Flores,"<br>    a/k/a "Grace Chacon,"<br>    a/k/a "Imelda Quincy Jones,"<br>    a/k/a "Iris C. Castillo,"<br>    a/k/a "Kanadija Thompson,"<br>    a/k/a "Khadija Ain Thompson,"<br>    a/k/a "Kristin Steinke,"<br>    a/k/a "Ellen Birch,"<br>    Defendant. | |

    Defendant Khadija Thompson appeared before this Court on January 13, 2015 for arraignment on an amended petition (hereafter, "Form 12") alleging multiple violations of the conditions of her supervised release. More specifically, the Form 12 charges Thompson with five violations including using controlled substances, failing to pay restitution, failing to attend treatment, committing new state crimes, and associating with a prohibited person. For the reasons set forth below, the Court GRANTS the United States' Motion for Detention.

[PROPOSED] DETENTION ORDER
NO. CR-12-00327 SBA

At the initial appearances on the original and amended Forms 12, the United States moved the court to detain Thompson, pursuant to Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3143(a)(1). Following consideration of the Presentence Investigation Report (PSR), the petition filed in this case, and the proffers by both parties and the United States Probation Officer, the Court ordered Thompson detained, finding she had not met her burden of showing by clear and convincing evidence that she will not flee or pose a danger to any other person or to the community, as required by Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3143(a)(1). For the reasons set forth below, the Court finds there are no condition or combination of conditions in 18 U.S.C. § 3142(c) that will reasonably assure Thompson's appearance and the safety of any other person and the community.

As set forth in the PSR, Thompson has sustained a lengthy and serious criminal history, including prior convictions for possession of counterfeit securities (2011), reckless driving (2009), transporting/selling narcotics (2009), second degree burglary (2008), forgery (2006), three counts of second degree burglary (2006), passing fictitious checks (2005), second degree burglary (2004). Thompson sustained many of these prior convictions while on probation from earlier convictions. Additionally, the pending Form 12 alleges new convictions in Alameda County for second degree burglary and for possession of ten or more identifications with intent to defraud (2014) and another disposition in Marin County. Thompson's other relevant criminal history – set out in the PSR and the Form 12 – collectively reference approximately nine aliases and 12 other prior arrests for conduct similar to the above-referenced convictions.

Thompson's performance on supervised release has also been problematic. Thompson's current term of supervised release is part of a sentence imposed for possessing counterfeit securities in violation of 18 U.S.C. § 513(a). The district court sentenced her to serve 18 months in custody followed by three years of supervised release. Following her release from custody in that case, Thompson sustained her first Form 12 for committing another crime, for which the district court revoked supervised release and sentenced her to serve 13 months in custody and 23 months of supervised release. Less than two months after her release from custody on that revocation, Thompson promptly sustained the first of multiple supervised release violations now pending in the current Form 12.

Accordingly, the Court orders Thompson detained and finds that she has not met her burden of showing by clear and convincing evidence that the she will not flee or pose a danger to any other person or to the community, as required by Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3143(a)(1).  Further, no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure her appearance as required and the safety of any other person and the community.

Thompson is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  See 18 U.S.C. § 3142(i)(2).  Thompson must be afforded a reasonable opportunity to consult privately with counsel.  See 18 U.S.C. § 3142(i)(3).  On order of a Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver Thompson to the United States Marshal for a court appearance.  See 18 U.S.C. § 3142(i)(4).

IT IS SO ORDERED.

Dated: January 20, 2015

_____
HON. KANDIS A. WESTMORE
United States Magistrate Judge